## MARCHBANKS v. ROGERS.

1. To sustain a judgement on motion against a sheriff, the record must shew that he had notice of the motion
2. Semble, a motion will not lie for not returning an execution which had been superseded.

JUDGE WHITE delivered the opinion of the Court.

THIS was a motion by Rogers against Marchbanks, late sheriff of Marion county, for failing to return an execution. The record does not shew that the sheriff had notice of the motion as required by statute, but the clerk in entering the judgement, has used the ordinary phraseology, "This day came the parties by their attorneys," and has transcribed into the record, the execution for failing to return which, the motion was made, with an endorsement of the sheriff thereon, (not dated,) that the execution had been superseded?

The assignment of errors raised the questions,

1. Is there sufficient evidence of notice to the sheriff?

2. Can such a motion be sustained, for not returning an execution which had been superseded.

The last question is not fully brought out by the record, for it is not shewn that the execution was superseded before its return day. If this appeared, we should not hesitate to say that a motion would not lie against a sheriff for not returning it.

As to the first question, we have heretofore determined in several cases, that as such proceedings as this are rigid

and summary, the record should shew that notice was given, or that this fact appeared to the satisfaction of the Court; and that the clerk's statement in entering the judgement, that the parties appeared by their attorneys, will not cure the defect. Let the judgement be reversed.

COALTER, for plaintiff.

J. L. MARTIN, for defendant in error.